UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
H.C. SCHMIEDING PRODUCE CO., INC.,                           :
WM ROSENSTEIN & SONS CO., M&M                                :
FARMS EAST COAST, INC., and E.W. KEAN                        :   **DECISION AND ORDER**
CO., INC.,                                                   :
                                                             :   08 Civ. 0367 (BMC)
                                                             :
                    Plaintiffs,                              :
                                                             :
        -against-                                            :
                                                             :
ALFA QUALITY PRODUCE, INC., PINCHAS                          :
AVICHEZER, MOUIZ KHALIFEH, WONDER                            :
FRUIT INC., and ANTHONY FRAGGETTA,                           :
                                                             :
                    Defendants,                              :
                                                             :
------------------------------------------------------------ X
                                                             :
DEL MONTE FRESH PRODUCE N.A., INC.,                          :
                                                             :
                    Intervenor Plaintiff,                    :
                                                             :
        -against-                                            :
                                                             :
ALFA QUALITY PRODUCE, INC., PINCHAS                          :
AVICHEZER, and MOUIZ KHALIFEH,                               :
                                                             :
                    Defendants,                              :
                                                             :
------------------------------------------------------------ X
                                                             :
AMCO PRODUCE, INC.,                                          :
                                                             :
                    Intervenor Plaintiff,                    :
                                                             :
        -against-                                            :
                                                             :
ALFA QUALITY PRODUCE, INC., PINCHAS                          :
AVICHEZER, and MOUIZ KHALIFEH ,                              :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ X

This action is before the Court on plaintiffs' and intervenor-plaintiffs' motions for summary judgment and default judgment against defendants. The rulings on these motions are as follows:

1. Plaintiffs' and intervenor-plaintiffs' motions for default judgment against defendant Alfa Quality Produce, Inc. are **GRANTED**.

2. Plaintiffs' motion for default judgment against defendant Wonder Fruit, Inc. is **GRANTED**.

3. Plaintiffs' and intervenor-plaintiffs' motions for summary judgment against defendant Mouiz Khalifeh are **GRANTED**. The record is undisputed that Khalifeh had actual control of the PACA trust assets and failed to preserve them. "As a PACA [Perishable Agricultural Commodities Act] trustee, a produce buyer is charged with a duty to 'insure that it has sufficient assets to assure prompt payment for produce and that any beneficiary under the trust will receive full payment.'" Cooseman's Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007) (quoting D.M. Rothman & Co. v. Korea Commercial Bank of N.Y., 411 F.3d 90, 94 (2d Cir. 2005) (internal quotation marks omitted)). Additionally, "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Id. In order "to determine whether a PACA trustee's actions or omissions constitute a breach of fiduciary duty, we examine whether the trustee 'in any way encumbered the funds or rendered them less freely available to PACA creditors.'" Id. at 706 (quoting D.M. Rothman, 411 F.3d at 99 (alterations and internal quotation marks omitted)).

It is undisputed that Alfa purchased produce from plaintiffs and intervenor-plaintiffs who, by complying with the requirements set forth under PACA, preserved their rights to trust protection under PACA. 7 U.S.C. § 499e(c)(2)-(3). Khalifeh, as President of Alfa, was in a

position of control over the PACA trust assets. By signing Alfa checks to pay employees, utility bills and rental or lease payments for Alfa's primary place of business, Khalifeh encumbered trust funds thereby rendering them less freely available to PACA creditors.[1]

4. Plaintiffs' motion for summary judgment against defendant Anthony Fraggetta ("Fraggetta") is **DENIED**. Unlike Khalifeh, Fraggetta contends that he was merely employed as a buyer/truck driver for Alfa and Wonder Fruit. Fraggetta denies having any control over the PACA trust assets at issue in this case. Although he signed checks on behalf of Wonder Fruit that were purportedly used to pay previous Alfa balances, it is not clear as a matter of law that Wonder Fruit is in fact a successor company to Alfa.[2] (Entry of default judgment against Wonder Fruit does not obviate the need to prove that it is a successor to Alfa with regard to the claims against Fraggetta, as Fraggetta has not defaulted.) The extent of Fraggetta's role in both Alfa and Wonder Fruit, and the relationship between the companies, present issues of material fact precluding summary judgment as to Fraggetta.

5. Although the Court finds that the principle amounts claimed are due and owing (other than as against Fraggetta), the Court defers ruling on the issue of interest and attorneys' fees. The Court notes its concern that some of the attorneys' fees claimed, even at this stage of the litigation, appear disproportionate to the principle amounts due, and cautions the parties that unreasonable attorneys' fees will not be awarded. The Court also defers entry of final judgment as to

---

[1] Khalifeh failed to respond to requests for admissions under Fed. R. Civ. P. 36. Therefore, the requests are deemed admitted. It should be noted that the Court's Order dated June 12, 2008 (Docket #64) reserved ruling on these admissions for the purposes of the motion for discovery sanctions only.

[2] Even if Fraggetta had control over the PACA trust assets at issue, it is unclear whether he took any actions to dissipate the trust as required to impose individual liability under PACA. The checks cited by Plaintiffs as having been signed by Fraggetta were issued to Plaintiff Wm. Rosenstein & Sons Co. as payment for previous Alfa balances.

defendants against whom relief has been granted pending disposition of the claims against Fraggetta.  See Frow v. De La Vega, 82 U.S. (15 Wall) 552, 553 (1872).

6. By separate Order, the Court will schedule a status conference in this case to address further proceedings.  Mr. Fraggetta, who did not attend a conference this week in the companion case, is urged to obtain an attorney to represent him.  However, whether he does or not, he must attend conferences scheduled by this Court or his answer will be stricken and a default judgment entered against him.

7. Plaintiffs are directed to serve a copy of this Order on Fraggetta and Khalifeh and file proof of service within seven days.

**SO ORDERED.**

                                              Signed electronically/**Brian M. Cogan**
                                                       U.S.D.J.

Dated: Brooklyn, New York
       September 26, 2008