FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 23 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

H.C. SCHMIEDING PRODUCE CO., INC.,
WM ROSENSTEIN & SONS CO., M&M
FARMS EAST COAST, INC., E.W. KEAN
CO., INC., EAGLE FRUIT TRADERS, LLC,
PINTO BROS., INC. and WICK & BROS.,
INC.,

      Plaintiffs,

DEL MONTE FRESH PRODUCE N.A., INC.,
and AMCO PRODUCE, INC.,

      Intervenor-Plaintiffs,

      -against-

ALFA QUALITY PRODUCE, INC., ALFA
QUALITY, INC., A&F PRODUCE, INC.,
MOUIZ KHALIFEH, WONDER FRUIT INC.
and ANTHONY FRAGGETTA,

      Defendants.

------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

08 Civ. 0367 (BMC)

**COGAN**, District Judge.

This action is before the Court on Amco Produce, Inc.'s motion for reconsideration of this Court's May 8, 2009 Order granting Del Monte Fresh Produce N.A., Inc.'s motion for judgment on the pleadings; plaintiffs' and intervenor-plaintiffs' certifications regarding the date of interest accrual and rate of interest; as well as, intervenor-plaintiffs' requests for attorneys' fees and costs. The rulings on these are as follows:

1. Amco's motion for reconsideration is denied. Local Civil Rule 6.3 instructs a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which [the movant] believes the court has overlooked." "'The standard for granting [a motion for

reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Jean-Laurent v. Hennessy, No. 05-CV-1155, 2008 WL 5274322, at *2 (E.D.N.Y. Dec. 18, 2008) (quoting Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted)). Amco has not pointed to any controlling decision or factual data that the Court overlooked. Instead, Amco has simply restated the same arguments that the Court fully addressed in the January 15, 2009 Memorandum Decision and Order, which served as the basis for the Order at issue here. "A motion for reconsideration is not a vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided." Perez v. United States, 378 F. Supp. 2d 150, 154-55 (E.D.N.Y. 2005) (citations omitted).

2. By Order dated April 27, 2009, the Court, having previously found the principal amounts claimed by plaintiffs and intervenor-plaintiffs to be "due and owing," directed plaintiffs and intervenor-plaintiffs to submit evidence regarding the date of interest accrual and rate of interest. Although there is no specific provision under PACA addressing the issue, courts in this Circuit have held that where the parties have entered into a contract or included relevant provisions in their invoices, they are entitled to recover interest, attorneys' fees and costs in addition to the principal amounts owed. See Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701 (2d Cir. 2007); Palmareal Produce Corp. v. Direct Produce No. 1, Inc., No. 07-CV-1364 (SLT)(RLM), 2008 WL 905041, at *2 (E.D.N.Y. Mar. 31, 2008).

Here, intervenor-plaintiff Del Monte has submitted evidence showing that it is owed $18,213.00 in principal and $2,266.32 in prejudgment interest covering the period up to July 7,

2

2008 (plus additional daily interest from July 7, 2008 in the amount of $8.98 per day).[1]
Intervenor-plaintiff Amco has submitted evidence showing that it is owed $15,372.00 in principal and $5,604.15 in prejudgment interest covering the period through May 11, 2009 (plus additional daily interest from May 12, 2009 in the amount of $7.58 per day). Plaintiffs have submitted evidence showing that they are owed principal and interest as set forth in the following chart:

| Plaintiff | Principal | Accrued Interest (through May 11, 2009) | Additional Daily Interest (from May 12, 2009) |
|---|---|---|---|
| Schmieding | $11,970.00 | $3,759.02 | $5.90 |
| Rosenstein | $124,208.25 | $35,942.26 | $61.25 |
| M&M | $14,124.75 | $3,260.38 | $6.97 |
| Kean | $13,135.50 | $5,032.14 | $6.48 |
| Eagle Fruit | $66,332.30 | $16,012.40 | $32.71 |
| Pinto | $28,337.50 | $8,106.62 | $13.97 |
| Wick | $16,459.50 | $4,955.58 | $8.12 |

Defendants have failed to respond. For the reasons stated above, I find that plaintiffs and intervenor-plaintiffs are entitled to judgment against the remaining defendants, jointly and severally, in the amounts set forth above.

3. Finally, the Court also is in receipt of intervenor-plaintiffs', Del Monte and Amco, requests for attorneys' fees and costs in the amount of $10,737.60 and $71,252.17, respectively. The Court hereby directs plaintiffs' counsel to submit any request for attorneys' fees and costs by July 31, 2009. Intervenor-plaintiffs also may submit any additional fee requests by July 31, 2009. Defendants' objections, if any, are to be submitted by August 7, 2009.

---

[1] The invoices at issue all provide for interest at a rate of 1.5% per month. Therefore, interest is owed to Del Monte at a daily amount of $8.98 (i.e., the annual rate, $3,278.34 ($18,213.00 * 0.18), divided by 365 days). The Court will calculate the daily interest due plaintiffs and AMCO using this same formula.

4. The Clerk of Court is directed to enter judgment in favor of plaintiffs and intervenor-plaintiffs in accordance with this Memorandum and Order.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 21, 2009